**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**(Eastern Division)**

|  |  |  |
|---|---|---|
| In re: | ) ) | |
| | ) | Chapter 7 |
| AUDITORIUM CAFÉ, INC. | ) ) | |
| | ) | Case No. 21-11172-FJB |
| Debtor. | ) ) | |

**ORDER AUTHORIZING TRUSTEE TO SELL SUBSTANTIALLY**
**ALL OF DEBTOR'S ASSETS AT PRIVATE SALE**

Upon consideration of the Chapter 7 Trustee's Motion for an Order Authorizing the Sale of Liquor License, Personalty, and Intellectual Property Free and Clear of All Liens, Claims, Encumbrances, and Interests [Docket No. 16] ("Sale Motion"), and notice having properly been given in accordance with the Notice of Intended Private Sale, Deadline for Submitting Objections and Higher Offers, and Hearing Date [Docket Nos. 17 and 19] ("Sale Notice"), and there being no objections or higher offers submitted in response to the Sale Motion and Sale Notice, the Court hereby FINDS that:[1]

    1.    907 Boylston Street, LLC ("Buyer") is a good faith purchaser of the Assets and therefore is entitled to the benefits and protections of 11 U.S.C. § 363(m).

    2.    The Buyer has offered to purchase substantially all of the Debtor's assets for a purchase price of $500,000.00 cash and waiver of its administrative expense claim for use and occupancy of the Premises and payment of utilities for the Premises.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed in the Sale Motion, Sale Notice and/or Asset Purchase Agreement, as appropriate.

3. The Assets to be sold, as set forth more fully in the Asset Purchase Agreement, consist of the following:

(a) The Seven Day CV All Alcoholic Beverages License in the name of Auditorium Café, Inc. d/b/a The Pour House, at 909 Boylston St., Boston, MA 02115 ("Premises") issued by the City of Boston;

(b) All personalty located in or on the Premises as of August 13, 2021, including, without limitation, all furniture, fixtures, inventory and equipment, and all memorabilia, together with all related warranties therefor to the extent assignable or transferable;

(c) The Debtor's tradename(s), including "The Pour House" and other business intellectual property, including all goodwill and know-how related thereto and the right to conduct Debtor's business and operate a restaurant known as "The Pour House";

(d) All lists and databases, in any and all forms and media, of past, present or prospective vendors and suppliers and independent contractors, all phone and fax numbers, internet domain names, websites/webpages, accounts with social media companies, and email addresses,

(e) All computer software, hardware, data rights, documentation and licenses with respect to Debtor's operation of the restaurant; and

(f) Any and all other non-cash assets or property identified on the Schedules of Assets and Liabilities filed by the Debtor in the Bankruptcy Case as Docket No. 1, and any claims, rights or causes of action of any nature available to Debtor or Seller related to the forgoing.

(g) The Assets specifically exclude any cash in the Bankruptcy Estate, notes receivable or claims related to notes receivable, financial records or any Chapter 5 claims of Seller.

IT IS HEREBY ORDERED that:

A. The Sale Motion is GRANTED.

B. The Trustee is authorized and directed to sell by private sale to Buyer the Assets, as, when, and under the terms, provided in the Asset Purchase Agreement.

C. The Assets shall be sold free and clear of any and all liens, claims and encumbrances, of any kind or nature whatsoever, including, without

limitation, any claims of successor liability, the Massachusetts Department of Revenue, the Massachusetts Department of Unemployment Assistance, and Martignetti Grocery Co., LLC.  Any duly perfected, enforceable and valid lien or encumbrance shall attach to the proceeds of the sale according to priorities established under applicable law.

      D.      The Trustee is authorized to execute any and all documents reasonably necessary to fully consummate the sale and transfer of the Assets, including, without limitation, a Bill of Sale substantially in the form attached to the Asset Purchase Agreement, whether such documents are now known or become known or necessary in the future.

      E.      This Order shall take effect immediately and no stay hereof shall arise pursuant to Fed. R. Bankr. P. 6004(h).

IT IS SO ORDERED.

*Frank J. Bailey*
Frank J. Bailey
United States Bankruptcy Judge

Dated: October 26, 2021